**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

January 12, 2026

Bradley R. Aronstam, Esquire
Roger S. Stronach, Esquire
Benjamin M. Whitney, Esquire
Ross Aronstam & Moritz LLP
1313 North Market Street, Suite 1001
Wilmington, Delaware 19801

Blake Rohrbacher, Esquire
Kevin M. Gallagher, Esquire
Matthew W. Murphy, Esquire
John M. O'Toole, Esquire
Christine J. Chen, Esquire
Elizabeth J. Freud, Esquire
Kevin M. Kidwell, Esquire
Benjamim O. Allen, Esquire
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, Delaware 19801

RE: *Mudrick Capital Management L.P. et al. v. QuarterNorth Energy Inc.*,
C.A. No. 2024-0106-LWW

Dear Counsel,

I write regarding defendant QuarterNorth Energy Inc.'s request for leave to move for partial summary judgment.[1] The plaintiffs oppose the request.[2] After considering the parties' correspondence, the request is denied.

Summary judgment may be appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of

---

[1] Letter Requesting Leave to Move for Partial Summ. J. (Dkt. 147) ("Def.'s Letter Req.").

[2] Letter Opposing Leave to Move for Partial Summ. J. (Dkt. 149) ("Pls.' Opp'n Letter").

law."[3]    "There is no 'right' to a summary judgment."[4]    The court may, in its discretion, deny summary judgment if it decides that "it is desirable to inquire into and develop the facts more thoroughly at trial in order to clarify the law or its application."[5]

QuarterNorth seeks partial summary judgment on three issues: (1) that plaintiffs Mudrick Capital Management L.P. and Ellington Management Group lack standing because they are not warrant holders; (2) that the plaintiffs' "bad faith" claim fails because they lack evidence showing QuarterNorth's board was controlled; and (3) that the warrant agreements did not mandate the use of a trading price to determine fair market value of one QuarterNorth share.  None of these issues are suited for resolution on summary judgment.

First, motion practice is unnecessary to resolve the standing issue.  The plaintiffs concede that Mudrick and Ellington are not "Holders" under the warrant

---

[3] Ct. Ch. R. 56(c).

[4] *Telxon Corp. v. Meyerson*, 802 A.2d 257, 262 (Del. 2002).

[5] *In re El Paso Pipeline P'rs, L.P. Deriv. Litig.*, 2014 WL 2768782, at *9 (Del. Ch. June 12, 2014).

agreements and have agreed to dismiss them as parties.[6]  The parties should file a stipulation to that effect.[7]

Second, the bad faith dispute is best resolved after a trial.  Although QuarterNorth focuses on a purported lack of board control, the plaintiffs respond that their claim sounds in contract rather than fiduciary duty.[8]  According to the plaintiffs, the claim hinges on whether the board's valuation determination was "commercially reasonable" and "made in good faith" under the warrant agreements.[9] Whether the board's determination met these standards is a fact-intensive question.

Finally, it would be inefficient to explore summary judgment on the valuation issue.  QuarterNorth asserts that the warrant agreements do not "mandate" the use of trading prices, but the plaintiffs clarify that they are arguing market data was "commercially unreasonable" under the circumstances of this case.[10]  A summary judgment ruling on whether specific inputs were mandated would be advisory because the ultimate question of reasonableness would remain in dispute.

---

[6] *See* Pls.' Opp'n Letter 5.

[7] *See* Def.'s Letter Regarding Req. for Leave to Move for Partial Summ. J. (Dkt. 151); Pls.' Letter Regarding January 8 Letter (Dkt. 152).

[8] *Compare* Def.'s Letter Req. 2-3, *with* Pls.' Opp'n Letter 5.

[9] Pls.' Opp'n Letter 2-3.

[10] *Compare* Def.'s Letter Req. 4-6, *with* Pls.' Opp'n Letter 5-6.

Accordingly, the request for leave to move for partial summary judgment is

denied.  IT IS SO ORDERED.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor